# UNITED STATES DISTRICT COURT      JS-6
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 20-00654-DOC-KES      Date: January 12, 2021

Title: ARIFUR RAHMAN V. MARRIOTT INTERNATIONAL, INC. ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO DISMISS [24]**

     Before the Court is Defendant Marriott International, Inc.'s ("Defendant") Motion to Dismiss ("Motion") (Dkt. 24). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court **GRANTS** the Motion and hereby dismisses the case.

## I. Background

     Plaintiff Arifur Rahman ("Plaintiff") alleges six causes of action: negligence, violation of the California Consumer Privacy Act, breach of contract, breach of implied contract, unjust enrichment, and violation of the California Unfair Competition Law. Compl. (Dkt. 1). Plaintiff alleges that class members were victims of a cybersecurity breach at Marriott when two employees of a Marriott franchise in Russia accessed class members' names, addresses, phone numbers, email addresses, genders, birth dates, and loyalty account numbers without authorization. *Id.* at ¶ 1; FAC ¶ 31. Marriot admitted to the breach on March 31, 2020 and sent emails to class members apologizing for the error and confirming that their personal information was compromised. *Id.* at ¶ 30–39. Having

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00654-DOC-KES                                             Date: January 12, 2021
                                                                                                          Page 2

now completed its investigation into the unauthorized access, Marriot has confirmed that while names, addresses, and other publicly available information was obtained in the breach, no *sensitive* information, such as social security numbers, credit card information, or passwords, was compromised. Mot. at 3.

### a. Procedural History

On April 3, 2020, Plaintiffs filed the complaint (Dkt. 1). Defendants filed the instant Motion on September 21, 2020 (Dkt. 24). Plaintiffs opposed the Motion on October 23, 2020 ("Opp'n") (Dkt. 26), and Defendants filed a Reply on November 9, 2020 (Dkt. 28).

## II. Discussion

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a court lacks subject matter jurisdiction due to a plaintiff's lack of Article III standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see also Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (noting that Article III standing bears on the court's subject matter jurisdiction and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1)).

The "irreducible constitutional minimum" of Article III standing contains three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Id.*; *see also Spokeo v. Robins*, 136 S. Ct. 1540, 1548–49 (2016). Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Lujan*, 504 U.S. at 560. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* Ultimately, the plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. *See id.* at 561.

Under Rule 12(b)(1), a defendant may also move to dismiss a case for a lack of subject matter jurisdiction when it is not clear that the proper jurisdictional requirements have been met. *See* Fed. R. Civ. P. 12(b)(1). Federal district courts generally have subject matter jurisdiction over civil cases through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00654-DOC-KES  Date: January 12, 2021
Page 3

Defendant's primary argument with respect to standing is that, although Plaintiff may have suffered some degree of unauthorized access of their personal information, the information obtained lacks the degree of sensitivity required by the Ninth Circuit to establish injury in fact. Mot. at 4–5. Plaintiff argues that data sensitivity is not required to prove standing and that, to the extent that Ninth Circuit does require data sensitivity to establish injury in fact, "the possibility that [sensitive] information belonging to Plaintiffs has been compromised cannot…be ruled out at this stage" due to the fact that Marriott "admitted in its notification to affected customers that its investigation is 'ongoing.'" Opp'n at 7–8. Here, Plaintiff's argument is moot, since the investigation has concluded and no evidence of unauthorized access of sensitive information was found. Mot. at 3. Thus, in order for Plaintiff's claims to survive Defendant's motion, the unauthorized access of personal information on its own, without the access of further sensitive information, must be sufficient to establish injury in fact.

Unfortunately for Plaintiff, Ninth Circuit precedent is relatively clear on this point. "The sensitivity of the personal information, combined with its theft" are prerequisites to finding that plaintiffs "adequately alleged an injury in fact." *In re Zappos.com, Inc.*, No. 2357, 2016 WL 2637810 (D. Nev. May 6, 2016), *rev'd on other grounds*, 888 F.3d 1020 (9th Cir. 2018), cert. denied, 139 S. Ct. 1373 (2019). District courts in the Ninth Circuit have been even more explicit. In *Antman v. Uber Technologies, Inc.*, the Northern District of California wrote that "[w]ithout a hack of information such as social security numbers, account numbers, or credit card numbers, there is no … credible risk of identity theft that risks real, immediate injury." *Antman v. Uber Technologies, Inc.,* No. 15-CV-01175, 2018 WL 2151231 at *10 (N.D. Cal. May 10, 2018). Similarly, the Southern District of California has written that that "Plaintiffs' failure to allege that the exposed information included their social security numbers, or similarly sensitive financial or account information …, leaves Plaintiffs short of what is required." *Stasi v. Inmediata Health Grp. Corp.*, No. 19-CV-2353, 2020 WL 2126317 at *5 (S.D. Cal. May 5, 2020). Like in those cases, Plaintiff has not plausibly pled here that any of their more sensitive data—such as credit card information, passports, or social security numbers—has fallen into the wrong hands. Without a breach of this type of sensitive information, Plaintiff has not suffered an injury in fact and cannot meet the constitutional requirements of standing.

While Plaintiff cites to one case, *Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686 (N.D. Cal 2019), in which the Court found standing despite no social security or credit card numbers being taken in the hack, this case is easily distinguishable on the grounds that it involved not just basic personal information, but also "a constellation of social-media data including 'workplace, education, relationship status, religious views,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00654-DOC-KES  Date: January 12, 2021
Page 4

hometown, self-reported current city'" and so on. *Id*. at 690–91; Mot. at 6. The Court is similarly unmoved by Plaintiff's creative but unsubstantiated arguments that the value of their personal information has diminished as a result of the breach or that Plaintiff should be compensated for their mitigation costs. As the Supreme Court has said, "mitigation costs … rise and fall together" with claims based on the risk of future harm. *Clapper*, 568 U.S. at 402.

Because the Court finds that the Plaintiff lacks standing to sue, it need not consider Defendant's Rule 12(b)(6) argument regarding the sufficiency of Plaintiff's pleadings. Even in Plaintiff's allegations satisfied the heightened pleading standard in *Twombly* and *Iqbal*, Plaintiff cannot sue without suffering an injury in fact.

## III.   Disposition

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss. The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk:
CIVIL-GEN                                          kd